**FORTEC CONSTRUCTORS et al.,**
**Plaintiffs,**

v.

**Thomas S. KLEPPE et al., Defendants.**

**Civ. A. No. 1755-72.**

United States District Court,
District of Columbia,
Civil Division.

Oct. 2, 1972.

Alexander Boskoff, Washington, D. C., for plaintiffs.

Robert Werdig, Asst.U.S.Atty., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs, Fortec Constructors, Forest Builders, Inc. and Tectonics, Inc., assert that the Department of Transportation, the Federal Aviation Administration, and the Small Business Administration (hereinafter referred to as SBA) violated federal statutes and the Constitution in awarding a contract for an air traffic control center improvement program pursuant to Section 8(a) of the Small Business Act, 15 U.S.C. § 637(a). Under the 8(a) program, SBA sets aside certain subcontracts to be awarded by federal procurement procedures to small businesses owned by "socially or economically disadvantaged persons." 15 U.S. C. § 637(a), 13 C.F.R. 124.8–1(c), 35 F. R. 17833. Plaintiffs, contractors under Phase I of the improvement program, challenge the withdrawal of the Phase II contract from competitive bidding and its award to a minority owned business as violations of the Small Business Act, SBA regulations, federal procurement policy, federal civil rights laws, and the fifth amendment.[1] After oral hearings on the motion for preliminary injunction and opposition thereto and on cross motions for summary judgment, the Court enters the following order and memorandum opinion:

The threshold problem is plaintiffs' standing to sue. As small businesses seeking a government contract for which they were barred from bidding, plaintiffs have standing to challenge defendants' use of the 8(a) program. Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970). But plaintiffs have never sought to be eligible for the 8(a) program, and never having had an 8(a) contract to gain, they cannot now allege that a contract was lost. Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Solely on the basis

---

1. Plaintiffs argue that Section 8(a) is an illegal program, originally intended as an emergency measure only, 15 U.S.C. 637 (a), and in contravention of the meaning of "disadvantaged" intended by Congress. 42 U.S.C. §§ 2901, 2906. They claim that the program violates federal procurement law in failing to employ competitive bidding. 41 U.S.C. § 252. In the alternative, plaintiffs argue that, if authorized, 8(a) is operated illegally in violation of SBA regulations governing eligibility. 13 C.F.R. 124.8–1(d), and those defining contracts eligible for 8(a) placement. 42 U.S.C. § 2949(2). Finally, they argue that 8(a) as designed and as operated discriminates on the grounds of race or national origin, thus violating the fifth amendment and federal civil rights law. 42 U.S.C. § 2000d.

of some generalized interest in the fair administration of a program for which they may be ineligible, plaintiffs cannot attack the award of this contract as racially discriminatory.

■ The Court finds that the defendants in this case were authorized to withdraw the Phase II contract from competitive bidding by the Small Business Act, 15 U.S.C. §§ 637(a)(1), 634(b)(6); SBA regulations 13 C.F.R. 124.8–1; by the Economic Opportunity Act, 42 U.S.C. § 2906(c), and by two Executive Orders, Exec.Order No. 11458 (34 Fed.Reg. 4937 (1969)), and Exec. Order No. 11625 (36 Fed.Reg. 19967 (1971)). The legality of Section 8(a) was recognized in Space Services of Georgia, Inc. v. Laird, et al., D.C.D. Conn. August 17, 1972, Civ.Action No. 15,170. Plaintiffs' assertion that the program is designed to award contracts on the grounds of race has no merit in the face of an eligibility standard that is not defined racially, but by social or economic disadvantage. Kleen-Rite v. Laird, W.D.Mass., Sept. 21, 1971, Civ. Action No. 71–1968–W. The mere fact that, in some areas of the country, "disadvantaged" is synonymous with "minority" is no evidence that anything other than the standard of disadvantaged status was used. Having themselves benefitted from a program which uses contracts withdrawn from open competitive bidding to assist small businesses, plaintiffs ironically challenge this same procedure as a violation of federal procurement law. (see 15 U.S.C. § 637(a)(2), 41 U.S.C. § 252(c)(10). The Court finds that the general policy of competitive bidding in federal procurement is wholly inapplicable to a contract which SBA has specific statutory authority to enter. Kleen-Rite, *supra*; 41 U.S.C. § 252(c)(15). Finally, the Court finds that SBA's action is not in contra-

vention of the regulation which prohibits recurring contracts from placement through the 8(a) program. Entirely separate from the Phase I construction contract, the Phase II contract for building improvement and maintenance does not fall within the meaning of "recurring" intended by the regulation 13 C. F.R. 124.8–1(d)(3).[2]

This memorandum opinion will constitute findings of fact and conclusions of law.

Accordingly, it is by the Court this 2nd day of October 1972

Ordered that defendants' motion for summary judgment be, and it is hereby, granted; and it is further

Ordered that plaintiffs' motion for summary judgment be, and it is hereby, denied.

---

2. "Recurring" is a term of art used in reference to those contracts awarded on a regular, periodic basis, e. g., custodial contracts annually awarded. Such contracts are not placed under Section 8(a) whenever small businesses depend in part

or in full on such contracts for their gross income. 13 C.F.R. 124.8–1(d)(3). Plaintiffs argued that since they had Phase I, Phase II was recurring and could be placed through "8(a)."